## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NANCY MAJOR,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO. 16-5252** |
| | : | |
| **v.** | : | |
| | : | |
| **MANLEY DEAS KOCHALSKI,** *et al* | : | |
| **Defendants** | : | |
| | : | |

**KEARNEY, J.**                                                **December 12, 2016**

### MEMORANDUM

The Fair Debt Collection Practices Act offers consumers several protections from debt collectors' attempts to collect defaulted consumer debt. Suing a law firm and a collection service requires the consumer plead a consumer debt subject to illegal collection activities by a debt collector. When a *pro se* plaintiff does not plead the defaulted consumer debt or facts identifying the defendants as debt collectors, we dismiss her claim under this specific consumer protection statute. In the accompanying Order, we grant both Defendants' motions to dismiss without prejudice for the plaintiff to amend her complaint if she can under the Law.

## I.    Alleged facts.

Nancy Major alleges Bayview Loan Servicing, LLC ("Bayview") and a law firm, Manley, Deas, & Kochalski ("Law Firm"), violated her rights by sending her written communications relating to an undefined debt under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*, ("Act"). Ms. Major alleges the Law Firm acted in the capacity of a debt collector when another "debt collector," Wells Fargo, hired it to "[send] several notices using its Letterhead as an Attorney Law Firm."[1] Ms. Major alleges the Law Firm letters "created a fear

and anxiety in the consumer that she was faced with not only a debt collector, but one that was skilled and had the experience and ability to circumvent the protections of the consumer."[2]  On August 2, 2016, she directed the Law Firm to "cease and desist all collection activities."[3]

Ms. Major's claim against Bayview seemingly arises from receipt in November 2015 of Bayview's "Transfer of Service Notice."[4]  Bayview's Notice advised Ms. Major it would now service her mortgage and Wells Fargo would no longer accept her payments as of October 26, 2015.[5]  Upon receipt, Ms. Major sent Bayview a "Notice of Dispute" contesting the "[validity] of the alleged debt from the original creditor."[6] We have no idea as to the debt.  Ms. Major alleges the November 3, 2015 Notice violates §1692(a)(1)(2) of the Act.

Ms. Major sued *pro se* both the Law Firm and Bayview seeking two million dollars for numerous physical and mental injuries suffered as a result of these communications.[7]

## II.    Analysis

Bayview and the Law Firm filed Motions to Dismiss.[8]  We grant Defendants' motions as Ms. Major has not plead the four elements necessary to state a claim under the Act: "(1) [she] is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA."[9]

A consumer is "any natural person obligated or allegedly obligated to pay any debt."[10] A debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."[11]

2

**A. Ms. Major fails to allege she is a consumer and the alleged debt falls under the Act.**

In *Perry v. Oxford L., LLC*, the court dismissed a complaint when the plaintiff merely alleged being a "consumer": "[the] complaint conclusory asserts that '[plaintiff] . . . is a natural person residing in the state of Pennsylvania, and is a 'consumer' as defined by the FDCPA. . . [however] there are no 'well-pleaded' factual allegations elsewhere in the complaint that bolster [plaintiff's] assertion that she is a 'consumer' under the FDCPA."[12] The court held while the plaintiff "states she is a natural person" she failed to "state that her obligation arose out of a transaction involving personal, family, or household purposes."[13] As a result, the court held it had "no basis for speculating that the obligation incurred on the [debt] arose out of such a transaction."[14]

Similar to *Perry*, Ms. Major summarily alleges only: "[p]laintiff 'Nancy Major'. . . is now and at all times relevant to this action. Plaintiff place of abode is in Pennsylvania [sic]. The Plaintiff in this matter is defined . . . as a 'natural person' which is a distinct form of legal person, denotes a living Woman, and one of the 'people' defined and protected by the U.S. Constitution. A natural person is not to be confused with any artificial person which is a fictional character."[15] These bare allegations, like in *Perry*, fail to allege how her role as a "consumer" is tied in anyway to a "debt" relating to personal, family, or household purposes.

The biggest deficiency is Ms. Major fails to allege the "debt" in question, the amount owed, or additional information regarding the debt, including what the Defendants are allegedly attempting to collect. Ms. Major simply alleges Defendants are "attempting to collect an alleged debt as defined in 1692a(5)."[16] She does not allege the purported debt arose out of a personal, family, or household purpose. Merely alleging some unidentified debt falls within the Act is

insufficient to state a plausible claim for relief: "[r]eciting that a debt falls within the definition of the statute without more is insufficient to meet the Rule 8(a) pleading standard."[17]

### B. Ms. Major fails to sufficiently allege either Defendant is a "debt collector" under the Act.

A debt collector under the Act is "[a]ny person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[18] Ms. Major fails to allege either defendant is a "debt collector" under the Act.

"A debt collector does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person."[19] Ms. Major fails to identify the debt in question beyond bare allegations, much less whether the debt was in default at the time either Defendant contacted her.[20] Further, although Ms. Major identifies the Defendants as "debt collectors" and allege they contacted her in regards to a "debt", this alone is not enough to make such an allegation true. Ms. Major's bare assertions, such as "Manley Deas is not an attorney for the purposes of the FDCPA, but rather only a debt collector" are insufficient.[21]

The court in *DeFazio* held "a formulaic recitation of the first sentence of the definition of 'debt collector'" in a plaintiff's complaint is insufficient to allege whether an entity is a debt collector under the FDCPA and "[fails] to meet the pleading standard described in *Twombly*."[22] Ms. Major has not plead with enough specificity the Defendants are "debt collectors" beyond bare assertions and allegations: "[t]he mere use of 'debt collection' language does not make a party a proper defendant under the FDCPA since the Act specifically defines 'debt collector' to

4

include persons or entities whose 'principal purpose' is the collection of debts or who regularly collects debts due or owed another."[23]  To proceed, Ms. Major must plead specific facts, such as "[stating] the principal purpose of [Defendants'] business, how often [Defendant] collects debts due to third parties in its regular business practice, how long it has been doing so, etc."[24]

### C. Bayview's Transfer of Service of the Mortgage Notice does not automatically define Bayview as a "debt collector" as we are unaware of a defaulted debt.

Bayview's November, 3 2015 letter to Ms. Major tells her it will now be servicing a mortgage and includes a standard disclaimer on the last page describing it as a "debt collector"; this disclaimer alone does not automatically define Bayview as a "debt collector" under the Act.

"For a communication to serve as the basis for FDCPA liability, the communication by the debt collector that forms the basis for the lawsuit must have been made "in connection with the collection of any debt."[25] While there is no formula to determine if a communication is made in connection with a debt collection "courts look to a number of factors when addressing the issue, including the nature of the parties' relationship, whether the communication included a demand for payment, and the purpose and context of the communications."[26]

In *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, much like here, defendant sent plaintiff a letter which stated "[defendant] is a 'debt collector attempting to collect a debt' and that information [defendant] obtains 'may be used for that purpose.'" [27] However, unlike Bayview's letter to Ms. Major, "[i]t then provides an invoice-like presentation of the amount due. The Letter also informs the recipient how to obtain 'updated . . . payoff quotes,' meaning how to obtain current information about the amount that would have to be paid to satisfy the debt."[28] The court in *McLaughlin* held the extra information included in the letter to the plaintiff deemed defendant to be a debt collector. Bayview's letter to Ms. Major includes no similar language, no request for payment, and does not inform what, if anything, Ms. Major owes to

Bayview. We have no indication a debt is owed. Unlike the court in *McLaughlin,* we find the standard language included in the end of the Transfer of Service Notice is insufficient to find Bayview is a "debt collector" under the Act.[29] Similarly, the lone document regarding the Law Firm, described as a "Notice of Sheriff's Sale of Real Property" contains no language, or request for payment, which can be construed as an attempt to collect a debt.[30]

We need not address if Defendants' actions or inactions violate the Act as we have no basis to find either Defendant is a debt collector under the Act. Ms. Major may very well have several defenses to owing an outstanding debt to either Wells Fargo or Bayview. She noticed Bayview of her dispute and directed the Law Firm to cease and desist. We are not aware of any harm at this stage. We are unable to tell if she currently owes a debt as a starting point.

Ms. Major is representing herself in navigating this difficult Act. She may be able to allege a claim under the Act but is not close to doing so as of yet. We will allow Ms. Major leave to timely amend if warranted in good faith and based on the Law.

### III.    Conclusion

In the accompanying Order, we grant the Defendants' motions to dismiss Ms. Major's claims against both Defendants without prejudice. Ms. Major may file an amended complaint on or before January 6, 2017 after careful review of the Act and then, if warranted, pleading facts demonstrating she is a consumer, the nature of the alleged debt, the actions Defendants took as "debt collectors", and any actions violating the Act.

6

---

[1] ECF Doc. No. 1, ¶ 16.

[2] *Id.*

[3] *Id.* at ¶ 20.

[4] *Id.* at ¶ 23.

[5] *Id.*

[6] *Id.* at ¶ 24.

[7] *Id.* at ¶ 25.

[8] ECF Doc. Nos. 8, 11.

[9] *Berk v. J.P. Morgan Chase Bank, N.A.*, No. 11-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a–1692o).

[10] 15 U.S.C. § 1692a(3).

[11] 15 U.S.C. § 1692a(5).

[12] No. 12-3312, 2012 WL 3731802, at *4 (E.D. Pa. Aug. 29, 2012).

[13] *Id.*

[14] *Id.*

[15] ECF Doc. No. 1, ¶ 10.

[16] ECF Doc. No. 1, ¶ 1.

[17] *Nieves v. Apex Fin. Mgt., LLC*, No. 11-6525, 2012 WL 78261, at *2 (D.N.J. Jan. 9, 2012); *Perry*, 2012 WL 3731802 at *4 ("allegations [which] merely parrot the applicable statutory language and are not entitled to the assumption of truth").

[18] *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-02945, 2010 WL 5146765, at *2 (D.N.J. Dec. 13, 2010).

[19] 15 U.S.C. § 1692a(6)(F).

[20] *Perry*, 2012 WL 3731802, at *5 ("I must grant Cuzco's motion because [plaintiff] has failed to allege, nor given me any reason to infer, that the debt was in default at the time [defendant] obtained it").

[21] ECF Doc. No. 1, ¶ 16.

[22] *DeFazio*, 2010 WL 5146765, at *3.

[23] *Siwulec v. Chase Home Fin., LLC*, No. 10-1875, 2010 WL 5071353, at *4 (D.N.J. Dec. 7, 2010).

[24] *DeFazio*, 2010 WL 5146765 at *3.

[25] *Krechner v. Nationstar Mortg. LLC*, No. 15-5054, 2015 WL 9260055, at *3 (E.D. Pa. Dec. 18, 2015).

[26] *Id.*

[27] 756 F.3d 240, 246 (3d Cir. 2014).

[28] *Id.*

[29] *McDermott v. Nationstar Mortg., LLC*, 143 F. Supp. 3d 290, 302 (E.D. Pa. 2015) ("although the letter implies that payments will be expected, it plainly reads as a welcome letter from a new loan servicer—that is, one that would be sent to any borrower, not just to borrowers in default. In other words, the May 2013 letter looks to be a communication that [defendant] sent in its capacity as a loan servicer, not in its capacity as a debt collector, and thus its 'animating purpose' was not "to induce payment by the debtor").

[30] ECF Doc. No. 1.